```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
New York Fragrance Inc.,
                                              04-CV-5469
                Plaintiff,                    (CPS)(MDG)

        - against -

Union Sales Inc.,

                Defendant.
----------------------------------------X
Union Sales Inc.,
                                              08-CV-1357
                Plaintiff-Petitioner,         (CPS)(MDG)

        - against -
                                              MEMORANDUM
New York Fragrance Inc.,                      OPINION & ORDER

                Defendant-Respondent.
----------------------------------------X
SIFTON, Senior Judge.
```

New York Fragrance, Inc. ("NY Fragrance"), a New York corporation, commenced this diversity action against Union Sales, Inc. ("Union Sales") a New Jersey corporation, to recover on an unpaid loan. On May 18, 2007, this action was discontinued after the parties agreed to submit their claims to arbitration. Presently before this Court is NY Fragrance's petition to confirm the arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. § 9, and Union Sales' cross-petition to confirm in part and vacate in part the arbitration award pursuant to the Federal Arbitration Act and Article 75 of the New York CPLR. For the reasons stated below, NY Fragrance's petition is granted and Union Sale's cross-petition is granted in part and denied in part.

## BACKGROUND

The following facts are drawn from the arbitration panel's January 3, 2008 decision and the parties' submissions in connection with their motions.

NY Fragrance and Union Sales are wholesale perfume distributors. Ramkrishna Cherukuri ("Cherukuri") is the principal of NY Fragrance and Abraham Askal ("Askal") and Solomon Motzen ("Motzen") are the co-principals of Union Sales. Rivka Fischman ("Fischman") is the bookkeeper/ comptroller for Union Sales. January 3, 2008 Arbitration Panel Decision ("Panel Decision") at 2, Union Sales Exhibit 3.

In 1991 NY Fragrance and Union Sales entered into a business relationship pursuant to which NY Fragrance loaned money to Union Sales for the purchase of perfumes from third parties. *Id.* Any merchandise purchased by Union Sales from third parties using the proceeds of NY Fragrance's loans were to be delivered to NY Fragrance's warehouse in Staten Island, New York, where it was to be stored until Union Sales paid the balance of the loan. *Id.* at 4.

In 1993, the parties entered into a joint venture for the purchase of Guess products from a third party. *Id.* at 5-6.

In 1998, NY Fragrance offered and Union Sales accepted an opportunity to purchase Je Reviens/Worth perfumes at a low cost. Union Sales was to keep all of the income from the resale of the

perfumes. Both parties realized a profit from this transaction. *Id.*

In January 2003, the parties terminated their relationship. As of January 2003, NY Fragrance owed Union Sales $138,139 in connection with the Guess joint venture and owed no money to Union Sales with respect to the Worth/Je Reviens transaction. *Id.* at 6.

In June 2003, the parties agreed that with respect to the series of loans Union Sales owed NY Fragrance $328,998 in unpaid principal and interest and that Union Sales would make interest only payments for 18 months at an interest rate of six percent per annum. *Id.* at 4. As of December 1, 2004, Union Sales owed NY Fragrance a balance of $337,224 in principal and interest. *Id.*

*Procedural History*

On December 16, 2004, NY Fragrance filed a complaint against Union Sales in this district to recover the balance due on the loans made by NY Fragrance to Union Sales.

On May 10, 2007, the parties stipulated to the submission of their claims to an arbitration panel and the discontinuance of the 2004 action. On May 17, 2007, I "so ordered" the stipulation. Thereafter, the arbitration proceeded before a three member panel from National Arbitration and Mediation ("NAM") pursuant to an agreement which provided that "[t]he award

of said arbitration may be enforced and confirmed in any court of competent jurisdiction." Agreement for Termination of Action and Submission to Arbitration, Union Sales Exhibit 9.

Two claims were filed with NAM, one in which NY Fragrance was the plaintiff and the other in which Union Sales was the plaintiff. Dispute Resolution Agreement, Union Sales Exhibit 7. The arbitration proceedings began on August 1, 2007 and were completed on November 6, 2007. Panel Decision at 2. Motzen and Fischman testified on behalf of Union Sales, but Askal did not. *Id.* On the last day of the hearing Cherukuri testified on behalf of NY Fragrance. According to NY Fragrance, Cherukuri testified about a conversation he had with Askal the night before, during which Askal told Cherukuri that Askal's attorney had advised him not to appear.[1] Bruce Yukelson Affirmation in Reply ¶ 3. Following Cherukuri's testimony, NY Fragrance states that its counsel informed the arbitration panel in the presence of Union Sales' counsel that Askal had been subpoenaed in connection with the 2004 action before this Court and that he had agreed to comply with that subpoena. *Id.*

On January 3, 2008, the arbitration panel issued a decision. In the background section of the decision, the panel noted,

> the deposition of Abraham Askal, who failed to appear before

---

[1] Neither party has submitted a copy of the transcript of the arbitration hearing for this Court's review. According to Union Sales, the proceedings were not transcribed.

>  the Tribunal, was considered.  Mr. Askal had been subpoenaed to testify at the trial in the District Court before the action was discontinued.  He had agreed to appear and testify before this Panel.  However, as represented by Mr. Yukelson, the attorney for NYF, represented to this Tribunal that when he telephoned Mr. Askal to arrange a date and time to testify Mr. Askal refused to appear on advice from his attorney.

Panel Decision at 2-3.

The panel ruled as follows: (1) Union Sales is entitled to recover $179,580 as of December 1, 2007, including accrued interest, for the Guess transaction; (2) Union Sales' is not due a credit for the Worth/Je Reviens transaction; (3) NY Fragrance is entitled to recover $397,924 as of December 1, 2007, representing the balance of the loans due to it as of December 1, 2004, plus interest, which accrued at six percent per annum; and (4) Union Sales does not have a viable fraud in the inducement claim.  The panel awarded the net amount of $218,344 in favor of NY Fragrance.  *Id.* at 5-8.

On February 13, 2008, NY Fragrance filed the present petition in the 2004 action to confirm the arbitration award.

On April 3, 2008, Union Sales filed a separate action (08-CV-1357) against NY Fragrance, seeking to confirm in part and vacate in part the January 3, 2008 arbitration award.

The parties appeared before the undersigned for oral argument on April 30, 2008, at which time Union Sales submitted a copy of its reply memorandum of law and noted that it would file it on the court's electronic document filing system (ECF) after

oral argument. Transcript of April 30, 2008 Proceedings ("April 30 Tr.") at 7. During oral argument, NY Fragrance informed the Court that it had not been served with copies of Union Sales' reply declarations but that counsel had read copies of the declarations provided to the Court. *Id.* at 3. Counsel for NY Fragrance also stated that he had received a copy of the reply memorandum of law immediately before oral argument, and that despite Union Sales' failure to serve the reply papers, counsel was prepared to move forward with oral argument. *Id*.

On May 1, 2008, NY Fragrance moved to strike Union Sales' reply papers for failure to serve them on NY Fragrance.

## DISCUSSION

*Standard of Review for Arbitration Award*

The Federal Arbitration Act (the "FAA") may be invoked when the court has diversity jurisdiction and the underlying contract "evidenc[es] a transaction involving interstate commerce." *Barbier v. Shearson Lehman Hutton, Inc.*, 948 F.2d 117, 120 (2d Cir. 1991). In the absence of a transaction involving interstate commerce, New York arbitration law applies. *See Liberty Mut. Ins. Co. v. N. Picco & Sons Contracting Co., Inc.*, No. 05-CV-217, 2008 WL 190310, at *10 (S.D.N.Y. January 16, 2008)(citing *Bernhardt v. Polygraphia Co. of America, Inc.*, 350 U.S. 198, 200-02 (1956)). However, because the parties have not raised this issue and because the outcome is the same under both the

FAA and New York law, I need not determine whether the FAA governs. *See Wise v. Marriott Intern., Inc.*, No. 06-CV-11-1439, 2007 WL 2780395, at *2 (S.D.N.Y. 2007)(collecting cases). Accordingly, I apply the relevant provisions of both the FAA and New York arbitration law.

Under the Federal Arbitration Act, parties to an arbitration agreement may make an application to a federal district court for an order confirming an arbitration award. 9 U.S.C. § 9. A court reviewing an arbitration order "can confirm and/or vacate the award, either in whole or in part." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006)(citing *Hoeft v. MVL Group, Inc.*, 343 F.3d 57, 63 (2d Cir. 2003)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *Id.* (internal quotation marks and citations omitted). "The arbitrator's rationale for an award need not be explained, and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *Id.* "Only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award." *Id.* A party moving to vacate an award bears "the heavy burden of showing that the award falls within a very narrow set of circumstances

delineated by statute and case law." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003).

New York law favors arbitration as a method of dispute resolution. *Smith Barney Shearson Inc. v. Sacharow*, 91 N.Y.2d 39, 49 (1997). "An arbitration award can be vacated by a court pursuant to CPLR 7511(b) on only three narrow grounds: if it is clearly violative of a strong public policy, if it is totally or completely irrational, or if it manifestly exceeds a specific, enumerated limitation on the arbitrators' power." *NFB Inv. Services Corp. v. Fitzgerald,* 854 N.Y.S.2d 457, 459 (2d Dep't 2008). "An award is irrational if there is no proof whatever to justify the award or the award gave a completely irrational construction to the provisions in dispute and, in effect, made a new contract for the parties." *Rockland County Bd. of Co-op. Educational Services v. BOCES Staff Ass'n*, 308 A.D.2d 452 (2d Dep't 2003)(citations and internal quotation marks omitted). Errors of law or fact are insufficient to warrant the vacatur of an award. *See Matter of Sprinzen*, 46 N.Y.2d 623, 629 (1979). The party moving for vacatur carries the burden of proof. *Wise*, 2007 WL 2780395, at *2.

*The Parties' Petitions*

NY Fragrance seeks the confirmation of the award in its entirety. Union Sales seeks the confirmation of the award with respect to the Guess joint venture, but seeks the vacatur of the

award on the remaining claims for the following reasons: (1) Union Sales was prejudiced by alleged *ex parte* communications between the arbitration panel and NY Fragrance's counsel; (2) the arbitration panel exceeded the scope of its authority with respect to its ruling on the Worth/Je Reviens claim; and (3) the arbitration panel miscalculated the net award due to NY Fragrance.[2]

(1) Ex Parte Communications

Under the Federal Arbitration Act, an award may be vacated on account of the arbitrators' "refusing to hear evidence pertinent and material to the controversy; or . . . misbehavior by which the rights of any party have been prejudiced." 9 U.S.C. § 10(a)(3). Under New York law, an arbitration award may be vacated if a party is prejudiced by misconduct. McKinney's CPLR § 7511(b)(1)(i). The party challenging the conduct of the arbitrator bears "the burden of demonstrating by clear and convincing evidence that any impropriety on the part of the arbitrator prejudiced its rights or the integrity of the arbitration process." *Matter of Hausknecht v. Comprehensive Med. Care of N.Y., P.C.*, 24 A.D. 3d 778, 780 (2d Dep't 2005).

Union Sales alleges that the panel engaged in *ex parte*

---

[2] Although Union Sales failed to file its reply memorandum of law on ECF until after oral argument and the parties dispute whether NY Fragrance was properly served with Union Sales' reply declarations prior to oral argument, I will consider Union Sales' reply papers in connection with its cross-petition and its opposition to the NY Fragrance petition.

communications with NY Fragrance's counsel, and that these communications prejudiced Union Sales because the panel reached its decision based on credibility determinations. According to Union Sales, it is apparent from the decision that the panel accepted the *ex parte* statement of NY Fragrance's counsel that Askal had been called to testify but refused to appear at the hearing. It is, first of all, unclear that *ex parte* communications did in fact occur. Although an evidentiary hearing could be held to resolve this issue, I find it to be unnecessary because even if the arbitration panel engaged in *ex parte* communications with NY Fragrance counsel, those communications did not prejudice Union Sales or the integrity of the arbitration process.[3] Although the panel notes in its decision that Askal did not appear, the panel did consider Askal's deposition testimony in reaching its decision. Both Askal's co-principal, Motzen, and the comptroller/bookkeeper for Union Sales, Fischman, testified at the hearing, and Union Sales has made no showing that the Askal was privy to any information

---

[3] Union Sales' reliance on the New York Court of Appeals' holding in *Goldfinger v. Lisker*, 68 N.Y.2d 225 (1986) is misplaced. In *Goldfinger,* the Court of Appeals did not rule that arbitration awards must be vacated in all cases where there are *ex parte* communications. Rather, the court required "evidence of misconduct prejudicing the rights of the parties," *Goldfinger,* 68 N.Y.2d at 231, prior to vacating an award. In *Goldfinger*, the court found that the complaining party's rights were prejudiced because one of the arbitrators initiated contact with the other party to resolve in his own mind the credibility of the party and the validity of the claim. *Id.* at 232. Here, the panel did not initiate any contact with either party or conduct any investigation outside of the hearing. Accordingly, the Court of Appeals' holding in *Goldfinger* does not require the vacatur of the award in this case.

regarding the corporation's business dealings with NY Fragrance that was not known to Motzen or Fischman. In addition, Union Sales' argument that the panel had the authority to require Askal to testify does not negate the fact that Union Sales had the opportunity to call Askal, but chose not to do so.[4] Accordingly, Union Sales motion to vacate the award on the ground of prejudicial *ex parte* communications between the panel and NY Fragrance is denied.

(2) Worth/Je Reviens' Claim

The Second Circuit has "consistently accorded the narrowest of readings" to 9 U.S.C. § 10(a)(4), which permits vacatur of an arbitration award where the arbitrators "exceeded their powers." *Banco de Seguros del Estado v. Mutual Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)(internal quotation marks and citation omitted). The relevant inquiry "focuses on whether the arbitrators had the power, based on the parties' submissions or the arbitration agreement, to reach certain issues, not whether the arbitrator correctly decided that issue." *Id*. Thus, the Court must determine whether the arbitrator acted within the scope of his authority or whether "the arbitral award is merely

---

[4] Union Sales also argues that the award must be vacated becaue by failing to use its authority to subpoena Askal the panel refused to hear relevant evidence. Even if the panel failed to subpoena Askal, vacatur is not necessary because Union Sales had a fair hearing at which it was afforded the opportunity to offer Askal as a witness, but chose not to do so. *See Kruse v. Sands Brothers & Co., Ltd.*, 226 F.Supp.2d 484, 488 (S.D.N.Y. 2002)(collecting cases).

the 'arbitrator[s]' own brand of justice." *Id*. (quoting *Local 1199 v. Brooks Drug Co.*, 956 F.2d 22, 25 (2d Cir. 1992)).

Under New York law, an arbitrator exceeds his powers if he considers an issue that has not been placed before him. *See Matter of Karadhimas v. Allstate Ins. Co.*, 9 A.D.3d 429, 430-431 (2d Dep't 2004).

Union Sales argues that the panel exceeded its authority by ruling that the Worth/Je Reviens transaction was a loan and not a joint venture, thereby erroneously denying Union Sales' claim for $284,9009 in connection with the transaction. According to Union Sales, over the course of the hearing, NY Fragrance conceded that the transaction was a joint venture and that as a result the nature of the transaction was not in dispute.

By entering into an arbitration agreement, the parties agreed to submit all claims in the 2004 action to the arbitration panel. This included Union Sales' counterclaim that NY Fragrance owed "[m]onies due for transactions relating to Worth/Je Reviens merchandise . . ." Union Sales' Answer ¶¶ 42-43, Union Sales Exhibit 5. As a result, the arbitration panel had the authority to review the Worth/Je Reviens transaction in its entirety. Although NY Fragrance referred to the Worth/Je Reviens transaction as a joint venture in its pre and post hearing memoranda, the panel's decision discusses how Cherukuri credibly testified at the hearing "that with the exception of the Guess

Transaction, the relationship between NYF and USI was essentially that of lender and borrower." Panel Decision at 4-5.

Even if NY Fragrance had conceded that the Worth/Je Reviens transaction was a joint venture, NY Fragrance did not admit that it owed a credit to Union Sales and the panel still had to resolve the issue of damages.[5] Based on this Court's review of the panel's decision, it is clear that the panel considered the evidence in the record before deciding that Union Sales was not due a credit for the Worth/Je Reviens transaction. Accordingly, the arbitration panel did not exceed its authority by denying Union Sales' claim for a credit in connection with the Worth/Je Reviens transaction.

(3) Calculation of Award

A court may modify an arbitration award:

> [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.

9 U.S.C. § 11(a). The miscalculation must be "clear on the face of the award or can be clearly inferred therefrom." *Al-Azhari v.*

---

[5] Union Sales' mistakenly relies on *Banc of America Securities v. Knight*, 4 Misc.3d 756 (NY County 2004) in support of its argument. In *Banc of America Securities*, by the end of the arbitration proceedings the respondent had conceded that the petitioner had a valid counterclaim in the amount of $9,014.21. *Banc of America Securities,* 4 Misc.3d at 838. Based on respondent's concession, the court concluded that "there was no longer a controversy over such claim and . . . the decision of the arbitrators to disallow it was beyond the scope of their powers. *Id.* Here, NY Fragrance never conceded that it owed a credit to Union Sales for the transaction. Accordingly, the panel had the authority to review the transaction in order to determine whether a credit was due, and if so, how much.

*Merit Capital Assocs., Inc.*, No. 99-CV-9795, 2000 WL 151914, at *2 (S.D.N.Y. 2000). "[C]ourts generally will not look beyond the lump sum award in an attempt to analyze the reasoning processes of the arbitrators," *Barbier*, 948 F.2d at 121 (internal quotations omitted), and "there is no general requirement that arbitrators explain the reasons for their award." *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1214 (2d Cir. 1972).

Under New York law, an award may be modified if "there was a miscalculation of figures or a mistake in the description of any person, thing or property referred to in the award . . ." McKinney's CPLR 7511(c)(1).

Union Sales argues that the panel miscalculated the balance that was due to NY Fragrance. According to Union Sales, the panel mistakenly accepted NY Fragrance's position that as of June 2003 Union Sales agreed that it owed a balance principal plus interest in the amount of $328,998 and that it would make 18 monthly interest payments on the balance, using a six percent per annum interest rate. Instead, Union Sales argues that the panel should have calculated the award using the $274,157 in principal that the parties had agreed was due as of January 2003 and that there is no basis upon which the panel could have calculated that $328,998 was due as of June 2003 because the parties had agreed that Union Sales had paid interest through January 2003 and the accrual of $54,840 in interest between January and June 2003

would represent a usurious interest rate. Union Sales also argues that the panel should have deducted the credit for the Guess transaction from the $274,157 in principal that was due in January 2003, rather than calculate the two claims separately and offset the credit for the Guess transaction from the total amount due to NY Fragrance as of December 1, 2007.

Based on the record, it is clear that in determining the balance due to NY Fragrance, the panel credited NY Fragrance's statements that the amount due as agreed upon by the parties in June 2003 was $328,998 and that by December 2004 it had increased to $337,224. There is no basis upon which to determine that the panel made its own calculations to arrive at the 2003 balance due. Therefore, Union Sales' arguments concern the correctness of the panel's decision to credit NY Fragrance's statements, which this Court is not in a position to evaluate. Accordingly, the panel did not miscalculate the balance due to NY Fragrance.

Moreover, since NY Fragrance's claims were separate from Union Sales' claim regarding the Guess transaction, the arbitration panel properly calculated the award for both the claims separately, using the same interest rate for both awards. The amount the panel arrived at for the Guess transaction was based on its crediting Union Sales' version of events that it was owed $138,139 as of the January 2003 termination of the relationship between the parties. Union Sales' Pre-Hearing

Memorandum, p. 8, Union Sales Exhibit 9; Panel Decision at 6. After calculating per annum interest from January 2003 until December 1, 2007, the panel offset the credit due to Union Sales on account of the Guess transaction from the amount due to NY Fragrance, which was calculated at the same interest rate, arriving at a net award of $218,344 for NY Fragrance.[6] Accordingly, the arbitration panel did not miscalculate the net award due to NY Fragrance.

**Conclusion**

For the reasons stated above, NY Fragrance's petition to confirm the arbitration award is granted, Union Sales' cross-petition to confirm the award in part is granted, but its cross-motion to vacate the award in part is denied. NY Fragrance is directed to settle judgment on notice. The Clerk is directed to transmit a copy of the within to the parties. SO ORDERED.

Dated: Brooklyn, NY
       July 24, 2008


By:    /s/ Charles P. Sifton (electronically signed)
                  United States District Judge

---

[6] Even if the panel had deducted the Guess credit from the $274,157 in principal that the parties allegedly agreed was due to New York Fragrance in January 2003, because the panel credited NY Fragrance's version of events, Union Sales would still be liable for the difference between the amount agreed upon in January 2003 and June 2003 in the amount of $54,840 as well as the $8,224 in interest that was not paid between June 2003 and December 2004.